# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0668V
UNPUBLISHED

| | |
|---|---|
| KATHLEEN KELEHER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 22, 2022<br><br>Special Processing Unit (SPU); Compensation Under the Vaccine Program; Offset; Section 15(g); Claim of Subrogation by Private Health Care Insurance; Section 15(h). |

*LeeAnne Pedrick, Maglio Christopher & Toale, PA, Washington, D.C., for Petitioner.*

*Mitchell Jones, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON VACCINE PROGRAM SUBROGATION** [1]

On January 21, 2021, Kathleen Keleher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), and the matter was assigned to the Special Processing Unit.

Although it has not yet been determined that Petitioner will be entitled to compensation, in early 2022, Petitioner appears to have corresponded with Optum – a companying which had previously notified Petitioner of a potential interest in her vaccine

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

claim[3] - of the Vaccine Program's status as a second payor to all but a Medicaid plan. *See* Petitioner's Notice, filed Feb. 7, 2022, ECF No. 22; Sections 15 (g) & (h). In response, Petitioner received a letter from Optum, dated March 14, 2022, asserting that the "adjudication of vaccine related claims by UHC for the Plan on Ms. Keleher's behalf, if any, is governed by the applicable plan documents and the remedies and procedures therein." Exhibit 9 at 2.

On May 13, 2022, Petitioner filed a motion for a ruling on the issue. Motion for Ruling on Subrogation Interest, ECF No. 24. Included with the motion is what appears to be a portion of an order issued in another vaccine case concerning how Sections 15(g) and (h) of the Vaccine Program pertain to the ability of third parties to attach a lien to a Program compensation judgment. *Id.* at 4. Respondent did not file a response.

I recently posted a General Order pertaining to subrogation on the Court of Federal Claims website to make clear[4] what Petitioner asks me to rule upon herein: that the plain language of the Vaccine Act *does not authorize reimbursement* for benefits already paid – here, under Petitioner's health care insurance policy. General Order Regarding Subrogation currently found at http://www.uscfc.uscourts.gov/vaccine-guidelines. This is a matter of settled law that third party insurers cannot "contract around."

**Thus, Optum has no right to attach any damages awarded in this matter, and should not attempt to do so.** Petitioner shall provide a copy of this ruling to Optum, and file a notice in this matter on or before September 2, 2022, certifying that she has done so.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Identifying itself as a company that "performs health care subrogation and reimbursement services for certain UnitedHealthCare (UHC) administered health plans," Optum maintains that it has an interest in Ms. Keleher's vaccine claim due to UHC's payment of medical expenses related the injury she alleges to be vaccine-caused on behalf of U.S. Bank Health Plan (SF-ERISA). Exhibit 9 at 2 (letter dated March 14, 2022, describing an earlier communication on March 19, 2021).

[4] For this reason, Program attorneys should in future cases refrain from asking special masters to essentially "rule" on what the law it – a form of advisory opinion that exceeds the authority of virtually any kind of judge – and therefore I will simply refer counsel to the posted order and direct them informally to provide it to third parties in the appropriate circumstances.