# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0668V

| | |
|---|---|
| KATHLEEN KELEHER, | Chief Special Master Corcoran |
| Petitioner, | Filed: July 30, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 12, 2021, Kathleen Keleher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, following the administration of a tetanus, diphtheria, acellular pertussis vaccine in her left deltoid on June 9, 2020. On December 19, 2024, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 57.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $69,998.67 (representing $68,534.50 for fees and $1,464.17 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Jan. 22, 2025, ECF No. 61. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 61-3.

Respondent reacted to the motion on January 23, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 62. The next day, Petitioner filed a reply, reiterating her fees request. ECF No. 63.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. For work performed by Mr. Vuckovich in 2025, Petitioner is requesting the hourly rate of $490.00, representing an increase of $45.00 from the previous year. Although a larger increase than I usually would approve, I find this 2025 rate is reasonable and within the OSM fee schedule for attorneys with Mr. Vuckovich's experience. Thus, I will award the requested 2025 rate.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Status Report, filed July 13, 2023, ECF No. 44 (reporting an impasse in the parties' damages discussions); Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Sept. 11, 2023, ECF No. 47; Petitioner's Reply Memorandum in Support of Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Feb. 2, 2024, ECF No. 52. Petitioner's counsel expended approximately 19.1 hours drafting the damages briefing and 19.8 hours drafting a reply, totaling 38.9[3] hours. ECF No. 61-1 at 23-25. And several of the entries involved activity dedicated solely to preparing oral argument for an expedited Motions Day hearing, despite this case not having been scheduled for any such proceeding. ECF No. 61-1 at 24-25 (entries dated 11/10/23, 11/14/23, 11/15/23, 12/12/23, and 12/13/23).

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 61-1 at 12-18. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 23 (entries dated 9/21/24 and 9/24/24).

---

[3] This total is calculated as follows: 23.0 hours billed on 9/6/23 through 12/13/23, by J. Vuckovich at a rate of $415; and 15.9 hours billed on 1/3/24 through 2/2/24, by J. Vuckovich at a rate of $445. ECF No. 61-1 at 22-29.

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5]

---

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See,* e.g., *Lang v. Sec'y of Health & Hum. Servs.*, No. 21-0972V (June 26, 2025) (12.3 and 7.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *McClelland v. Sec'y of Health & Hum. Servs.*, No. 24-0605V (June 24, 2025) (9.7 and 11.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Blanco v. Sec'y of Health & Hum. Servs.*, No. 22-0559V (June 16, 2025) (4.2 and 8.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Moreno v. Sec'y of Health & Hum. Servs.*, No. 21-0433V (June 13, 2025) (7.3 and 4.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Boyd v. Sec'y of Health & Hum. Servs.*, No. 21-0850V (June 13, 2025) (13.3 and 10.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Perez v. Sec'y of Health & Hum. Servs.*, No. 21-0746V (June 12, 2025) (13.4 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cohen v. Sec'y of Health & Hum. Servs.*, No. 23-1060V (June 11, 2025) (8.5 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Shaw v. Sec'y of Health & Hum. Servs.*, No. 22-1348V (January 30, 2025) (9.7 and 5.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Phillips v. Sec'y of Health & Hum. Servs.*, No. 21-0076V (January 10, 2025) (9.0 and 10.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Wirges v. Sec'y of Health & Hum. Servs.*, No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tracy v. Sec'y of Health & Hum. Servs.*, No. 20-1312V (Dec. 27, 2024) (12.5 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tappendorf v. Sec'y of Health & Hum. Servs.*, No. 20-1592V (Dec. 27, 2024) (14.1and 7.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of Health & Hum. Servs.*, No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health & Hum. Servs.*, No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *M.F. v. Sec'y of Health & Hum. Servs.*, No. 21-0970V (Nov. Apr. 9, 2024) (13 and 7.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Axelrod v. Sec'y of Health & Hum. Servs.*, No. 21-0980V (Mar. 29, 2024) (11.9 and 12.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Benz v. Sec'y of Health & Hum. Servs.*, No. 21-1197V (Mar. 26, 2024) (19.5 and 6.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.*, No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Glanville v. Sec'y of Health & Hum. Servs.*, No. 19-1973V (Mar. 26, 2024) (8.7 hours billed for drafting a damages brief); *Stokes v. Sec'y of Health & Hum. Servs.*, No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.*, No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.*, No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Jackson v. Sec'y of Health & Hum. Servs.*, No. 20-0051V (Feb. 5, 2024) (15.4 and 7.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively);

Of course, having prevailed in this case, a fees award is generally appropriate. *Keleher v. Sec'y of Health & Hum. Servs.,* No. 21-0668V, 2024 WL 5360902 (Fed. Cl. Spec. Mstr. Dec. 19, 2024) (also found at ECF No. 57). And my award of a past pain and suffering award of $180,000.00, much closer to the $205,000.00 proposed by Petitioner, supports the *need* for briefing in this case. *Id.* at *4, 6. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 38.9 hours, or $16,620.50)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $4,986.15.**[7]

---

*Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited August 4, 2024).

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: (23.0 hrs. x $415 x .30) + (15.9 x $445 x .30) = $4,986.15.

5

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 61-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 62. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$65,012.52 (representing $63,548.35 for fees and $1,464.17 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.